UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, )<br>    Plaintiff )<br>)<br>v. )<br>)<br>WILLIAMS COLLEGE, )<br>)<br>    Defendant. )<br>) | CIVIL ACTION NO.: 3:16cv-30184 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER**

**INTRODUCTION**

Plaintiff, John Doe[1] ("John" and "Plaintiff"), is being subjected to a disciplinary process by Defendant Williams College's wrongful and negligent disciplinary actions of Plaintiff resulting from the application of "disciplinary procedures" that were in violation of the College's rules and policies, hence its contractual obligations as written and implemented; the requirements of Title IX of the Education Amendments of 1972 (20 U.S.C. §§ 1681-1688 [commonly known as "Title IX"]) and its implementation of regulation at 34 C.F.R. 106; Massachusetts Civil Rights Act (M.G.L. C. 12, §§ 11H, 11I); Massachusetts Unfair and Deceptive Practices Act (M.G.L. C. 93A and M.G.L. C. 93 §102); principles of good faith, fair dealing, due process and fundamental

---

[1] Plaintiff refers to himself as "John Doe" and to his accuser as "Susan Smith" throughout the Complaint.

fairness; negligence, assault, and defamation. Defendants have also violated Plaintiff's right to privacy under the Family Educational Rights and Privacy Act ("FERPA") (20 U.S.C. § 1232g; 34 CFR Part 99) and Massachusetts Privacy Act (M.G.L. C. 214, § 1B). Plaintiff seeks injunctive relief, expungement of his record, damages, and attorney fees.

The investigation and adjudication of John followed his report of and complaint against Susan Smith ("employee Smith") for her assault and harassment upon him. Employee Smith counter complained in retaliation against John. John contends that the Defendant facilitated the retaliation, systematically and intentionally discriminating against him and treating him unfairly. This discrimination and unfairness causes him to face the potential loss of his degree and to suffer tremendous damages.

In light of the serious nature of the allegations contained in the complaint, Plaintiff is concerned about acts of reprisal that could prevent Plaintiff from proceeding with his education, his career, or that could cause him physical or mental harm should his name be disclosed to the public. As of this suit's filing, the disciplinary action has been confined to a limited number of individuals in the College community. In bringing this suit, John seeks to clear his name of the allegation and obtain a judicial determination that Defendant acted improperly. Inclusion of his name would result in the public association of his name with the Complainant's allegations of sexual misconduct, which would be widely available through electronic means, thereby defeating the very purpose of his suit and causing the harm that the suit seeks to prevent. For these reasons, as further set forth below, this Court should grant John's motion for leave to litigate this matter pseudonymously.

Plaintiff has provided the Court, under seal, a signed copy of his affidavit that contains his true identity.

## BACKGROUND

At all times relevant to this case, Plaintiff was a full time student at Williams. (Compl. ¶ 5.) Sarah Bolton ("Bolton") was at all times material to this complaint the "Dean of the College" at Williams College and acted within the course and scope of her authority as Dean of the College. (*Id*. ¶ 16.) In 2010, Bolton was appointed Dean of the College at Williams, a position she has held continuously from then to June 30, 2016. (*Id*. ¶ 21.) Marlene Sandstrom ("Sandstrom") was at all times material to this complaint the "Dean of the College" at Williams College and acted within the course and scope of her authority as Dean of the College. (*Id*. ¶ 17.) On July 1, 2016, Sandstrom was appointed Dean of the College at Williams, replacing Bolton. (*Id*. ¶ 22.) On information and belief, prior to and including 2016, Sandstrom had no training or experience conducting sexual misconduct investigations or adjudications. (*Id*. ¶ 23.)

From October 2013 to winter 2015, employee Smith and John were in an exclusive romantic relationship. Susan Smith graduated from Williams in spring 2015. She was employed by the College from summer 2015 until June 30, 2016. (*Id*. ¶ 19-20.)

John is a first generation Ecuadorian-American admitted to Williams in reliance on full financial aid including Federal Pell Grants, grants from Williams, loans, and work-study employment. (*Id*. ¶ 16.)

Without obtaining his undergraduate degree, John cannot apply to graduate school, nor does he have any reasonable prospects of employment commensurate with his education. As a result, he faces catastrophic present and future economic loss. Further, should "sexual misconduct" appear on his disciplinary record, John may not even be able to enroll at another institution, let alone one of comparable quality, in order to repeat some of his requirements and complete his college degree.

## STATEMENT OF FACTS

John relies upon his Verified Complaint and Jury Trial Demand (Doc. 1 [Compl.]) which sets forth facts demonstrating Plaintiff's entitlement to litigate this matter pseudonymously. The facts set forth in the Verified Complaint and supporting exhibits are incorporated herein by reference.

## ARGUMENT

Although Fed. R. Civ. P. 10(a) requires that a complaint name all parties, a district court may exercise its discretion to allow a party to litigate pseudonymously. *See Doe v. Blue Cross and Blue Shield of Rhode Island,* 794 F.Supp. 72, 73 (D.R.I.1992) (where the district court allowed the plaintiff to proceed under a pseudonym because his suit related to his status as a transsexual, noting that "I will not strip plaintiff of the cloak of privacy which shields him from the stigmatization he might otherwise endure."). To excuse a party from such requirement, a court must determine that a plaintiff has a substantial privacy right that outweighs the presumption favoring judicial openness. *MacInnis v. Cigna Group Ins. Co. of America*, 379 F.Supp.2d 89, 90 (D. Mass. 2005), citing *Doe v. Bell Atlantic Business Systems,* 162 F.R.D. 418, *420 (D.Mass.1995); Doe v. Blue Cross & Blue Shield of Rhode Island,* 794 F.Supp. 72, 73 n. 3 *(D.R.I.1992).* The proponent of filing pseudonymously bears the burden of proof. *Id.* citing *Bell Atlantic Business Systems,* 162 F.R.D. at 420. *Moreover, if the need for confidentiality is shown,* courts consider whether there exist "less drastic means" by which to protect the litigant. *Id.*, citing *Doe v. InSusan Black Expo, Inc.,* 923 F.Supp. 137, 140 (S.D.Ind.1996).

Courts have allowed plaintiffs to proceed anonymously in cases involving social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of plaintiff's identity. *Doe v. Bell Atlantic Business Systems*

4

*Services, Inc.*, 162 F.R.D. at 420 (citations omitted). Cases in which parties are allowed to proceed anonymously because of privacy interests traditionally have involved abortion, mental illness, personal safety, homosexuality, transsexuality and child welfare cases. *Id.*

This case falls into that exceptional category. Cases within this Circuit have not addressed an issue similar to this one.[2] Indeed, the only case on all fours with the instant case is *Doe v. Univ.of the South*, 687 F.Supp.2d 744 (E.D. Tenn. 2009), upholding the Order of a United States Magistrate Judge granting pseudonymity to the plaintiff (Order attached), who was in circumstances entirely similar to that of John. There, the employed standard is the same as that of this Circuit, with the added requirement that the moving party's need for privacy substantially outweighs the risk of unfairness to the opposing party. *See Doe v. Univ. of the South*, No. 4:09-cv-62, Memorandum and Order (E.D. Tenn. 2009 Aug. 7, 2009) (Lee, U.S.M.J.). Factors in addition considered by other courts cited by the plaintiff in that case include: (i) whether identification of the plaintiff would result in other harm, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (ii) whether public interest in the litigation is furthered by requiring disclosure of the plaintiff's identity or (iii) whether there is an atypically weak public interest in knowing the litigant's identities. *See Sealed Plaintiff*, 537 F.3d at 190 (citations omitted).

In granting Plaintiff's motion, the court considered, *inter alia*, the "essentially uncontested representations" that no criminal charges were filed; there is no known public record of the accusation, and that the loss of anonymity due to electronic filing, all would

---

[2] *See e.g. Doe v. Word of Life Fellowship*., Inc., 2011 WL 2968912, **1-2 (D.Mass 2011) (adult defendant accused of sexually abusing a minor denied pseudonymity on public policy grounds and where defendant arrested by police); *Doe v. Univ. of Rhode Island*, 1993 WL 667341 (D.R.I. 1993) (plaintiff in sexual assault case denied pseudonymity where case already publicized and where court found victim status to not carry stigma). *Also see Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F.Supp.2d 444, 452-453 (D.Mass. 2011) (questioning whether homosexuality still carries stigma).

compel the plaintiff to disclose information "of the utmost intimacy."[3] *See Doe v. Univ. of the South*, No.4:09-cv-62, Memorandum and Order.

    Likewise here, no criminal charges were filed and there is no known public record of the accusation. Because the proceedings at issue here confined knowledge to a limited number of people within the College community, the allegation that John committed sexual misconduct has not been publicized. Such limited dissemination militates in favor of maintaining the status quo and allowing the use of pseudonyms. *See Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 190 (2d Cir. 2008), citing *Doe v. Del Rio*, 24 F.R.D. 154, 157 (S.D.N.Y. 2006) (factors in determining appropriateness of pseudonymous filing include extent to which the identity of the litigant has been kept confidential). Also similarly here, the nature of the claims by Defendants of John's alleged sexual misconduct would require Plaintiff to disclose information "of the utmost intimacy."

    Aside from privacy considerations, a court must consider whether the very "injury litigated against would occur as a result of the disclosure of plaintiff's identity." *Doe v. Bell Atlantic Business Systems Services, Inc.*, 162 F.R.D. at 420 (citations omitted). Simply being *accused* of sexual assault bears a strong stigma. Publicity of such accusation would unquestionably have catastrophic effects on twenty-two-year-old John's future prospects for higher education and employment, and thus the publicity it would bring to John would entirely defeat the purpose of the suit—to clear his name. Among other remedies, John is seeking orders: to enjoin Defendants from pursuing the ongoing disciplinary proceedings against him initiated by employee Smith; to allow John to earn his degree; to expunge John's disciplinary records from all College records; to enjoin Defendants from violating John's right to privacy

---

[3] The court also considered that the defendant college's student disciplinary records did not reflect that the plaintiff had been accused of rape by a fellow student.

under the Family Educational Rights and Privacy Act (FERPA) and Massachusetts Privacy Act (M.G.L. C. 214, § 1B) and to represent his good standing to third parties.

Thus in bringing suit, John is attempting, as best he can, to eliminate the harm resulting from Defendants' improper actions. If he were forced to prosecute the case in his own name, such disclosure would serve only to augment such harm and render useless the suit's primary aim. Under such circumstances, pseudonymous litigation is necessary and appropriate, and no less drastic measure would accomplish such purpose.

The court in *Doe v. Univ. of the South* next found that the plaintiff's need for pseudonymity substantially outweighs the presumption that identity is public information, finding that the public would know everything else about the case other than identity and that the public interest would not thereby be compromised, as defendant conceded there was nothing particular about plaintiff's status that warranted heightened public interest. *See Doe v. Univ. of the South*, No. 4:09-cv-62, Memorandum and Order. As to prejudice to the defendant school, the court ruled that where the school fully knows the plaintiff's identity, it could not show prejudice in conducting pre-trial proceedings pseudonymously. The court continued that the only potential factor, heightened cost from the potential of more frequent court involvement, is substantially outweighed by the plaintiff's need for privacy, but if actual prejudice arose thereby, that the court could again address the issue at that point. All of these same considerations would be identical in this case, demanding the same result.

## CONCLUSION

For all of the forgoing reasons, Plaintiff requests this Court to grant Plaintiff's motion for the entry of:

(i) An order granting Plaintiff leave to proceed under a pseudonym; and

7

(ii) A protective order (a) prohibiting Defendants and their agents from disclosing Plaintiff's identity to any third party other than necessary to defend against this action; (b) ordering that if any party files a document in the public record that would otherwise identify Plaintiff, the filing party shall redact personal identifiers consistent with this Order and Fed. R. Civ. P. 5.2; and (c) ordering that such informed third parties shall be provided a copy of the Court's order and shall not identify Plaintiff other than as may be necessary with respect to this action.

Date: November 23, 2016.

        Respectfully submitted,

        **JOHN DOE**
        **PLAINTIFF**

        By: __/s/ Stacey Elin Rossi____
        STACEY ELIN ROSSI, BBO# 681084
        ROSSI LAW FIRM
        P.O. Box 442
        Hoosick Falls, New York 12090
        (413)248-7622

**CERTIFICATE OF SERVICE**

  I, Stacey Elin Rossi, Attorney for Plaintiff John Doe, HEREBY CERTIFY that this document in connection with the above-captioned proceeding, filed through the Electronic Case Filing System (CM/ECF), will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 23, 2016.

                /s/ Stacey Elin Rossi
                STACEY ELIN ROSSI, BBO# 681084
                ROSSI LAW FIRM
                P.O. Box 442
                Hoosick Falls, New York 12090
                (413)248-7622