UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN DOE,                          )
                                   )
        Plaintiff,                 )
                                   )
                                   )        CIVIL ACTION NO. 3:16-CV-30184-MAP
v.                                 )
                                   )
WILLIAMS COLLEGE,                  )
                                   )
        Defendant.                 )
                                   )

AFFIDAVIT OF MEAGAN BOSSONG
SUPPORTING DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION

I, Meagan Bossong, state as follows:

1.      I have personal knowledge of the facts stated in this affidavit, except with respect

to those facts specifically identified as being stated "upon information and belief." As to those

facts stated "upon information and belief," I have identified in this affidavit the source of the

information and affirm that the information is true to the best of my knowledge and belief.

2.      Since April 2014, I have served as the Director of Sexual Assault Prevention and

Response at Williams College. In that role I have responsibilities with respect to all aspects of

the College's policies and programs on sexual assault, dating/domestic violence, and stalking as

they relate to students. This work includes, among other things, developing and implementing

education and prevention strategies, coordinating support resources, advising student groups and

individual students, and chairing the College's Sexual Assault Prevention and Awareness

working group. I also am responsible for training Hearing Panels that decide cases of alleged

sexual misconduct involving students and for keeping the College's records concerning those

panels and the training they receive.  I am trained, and am involved in training others, in relation to the College's responsibilities under Title IX with respect to sexual violence and harassment.

3.      I have reviewed those portions of the Second Amended Complaint in this case that purport to be based on information provided by a person with the pseudonym "Bob Mann."

4.      The attorney for "John Doe" in this case has disclosed to the College's attorneys that "Bob Mann" is Brian Marquis.

5.      Mr. Marquis formerly worked as a part-time, temporary employee of the College. The College hired Mr. Marquis from time to time to work as a bartender or wait staff in connection with College reunions or other functions.  Upon information and belief, based on information provided to me by the College's Human Resources Department, Mr. Marquis last worked at the College in July 2016.

6.      In January 2015, Mr. Marquis contacted me to express his interest in serving on hearing panels for student conduct cases involving allegations of sexual assault, and his interest in receiving the training needed to serve on such panels.

7.      Mr. Marquis attended a single training session, which I personally presented, on January 30, 2015.

8.      On February 27, 2015, I emailed copies of the training materials, including 54 pages of slides and 29 pages of presentation materials, to all the training attendees including Mr. Marquis.  A copy of the slides is attached to this Affidavit as **Exhibit A**.  A copy of the presentation materials is attached as **Exhibit B**.  The slides and presentation materials accurately convey the key points of the training.

9.      The College's training for sexual assault hearing panels, including the training attended by Mr. Marquis, includes at least four hours of training on application of the College's

code of conduct in cases of sexual assault, dating violence, stalking, and retaliation, and at least two hours of training on the College's student discipline process including, among other topics, the preponderance of evidence standard, the code of conduct's definition of "consent," the consideration of evidence, how to reach a decision, and the requirements of Title IX.

10.     Contrary to the statements attributed to Mr. Marquis in the Second Amended Complaint, the College's training for sexual assault hearing panels is comprehensive; it stresses the importance of impartiality and fairness to both complainants and respondents; and it stresses the importance of adhering to the College's conduct standards and procedures.  No aspect of the training remotely suggests that it would be appropriate to "make things up as [we] go along."

11.     Also contrary to the statements attributed to Mr. Marquis in the Second Amended Complaint, the training does not include any suggestion that "the reputation of the college is the number one priority," or that panelists should consider the College's reputation in their handling of any case.  Nor does the training include any suggestion that panelists should consider the "pedigree" of the parties involved.  To the contrary, the training stresses that any decision must be based solely on the evidence presented and whether that evidence supports a finding that a violation of the College's code of conduct occurred.

12.     The Dean of the College maintains records of who serves on panels that hear cases involving allegations of sexual misconduct.  Upon information and belief, based upon information provided to me by the Dean of the College, those records confirm that Mr. Marquis never served on any such panel, much less "several" of them.

Signed under the pains and penalties of perjury this 9th day of March, 2017.

Meagan Bossong

## Certificate of Service

This document was served electronically upon all counsel of record by
filing through the ECF system on March 10 2017.

/s/ Elizabeth H. Kelly
Elizabeth H. Kelly

AM 65877364.3