UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )
JOHN DOE,                              )
                                                )
    Plaintiff                         )     CIVIL ACTION NO.:  3:16cv-30184-MAP
                                                )
v.                                            )
                                                )
WILLIAMS COLLEGE,           )
                                                )
    Defendant.                     )
_____)

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT ADDITIONAL DEPOSITIONS**
**(MEMORANDUM INCORPORATED)**

Plaintiff, John Doe[1], by and through counsel, respectfully requests that this Court issue an order pursuant to Fed. R. Civ. P. 30(a)(2) granting leave for Plaintiff to take greater than ten (10) depositions. Plaintiff requires the taking of twelve (12) depositions. In support hereof, Plaintiff states as follows:

    1.    This Court denied Williams College's motion to dismiss on April 28, 2017. (Doc. 71.)

    2.    Plaintiff filed the Third Amended Complaint on May 12, 2017. (Doc. 76.)

    3.    On June 6, 2017, this Court entered a Scheduling Order consistent with the joint request of the parties. (Doc. 81.)

    4.    The Scheduling Order requires non-expert discovery to be completed by March 16, 2018 – three weeks from now. (Id.)

    5.    Williams College filed its answer on June 13, 2017. (Doc. 82.)

    6.    Williams College took over six months to produce its documents in response to Plaintiff's Requests for Production.

---

[1] [1] Plaintiff refers to himself as "John Doe" throughout the pleadings.

7. Defendant submitted documents to Plaintiff in response to Plaintiffs' July 18, 2017 First Request for Production up until January 30, 2018.

8. Defendant submitted documents to Plaintiff in response to Plaintiffs' December 26, 2017 Second Request for Production on January 25, 2018.

9. Documents produced by Defendant total over 11,600. Many are unidentifiable as to the author, recipient, email to which the document was attached, method of transmission, date, and source, etc.

10. The following fourteen individuals played roles in the facts relevant to the Complaint:

   a. Allyson Kurker, External Investigator
   b. Megan Bossong, Director of Sexual Assault Prevention and Response and Advisor to Susan Smith
   c. Dean Sarah Bolton, Dean of the College until June 30, 2017
   d. Dean Marlene Sandstrom, Dean of the College as of July 1, 2017
   e. Toya Camacho, Title IX Coordinator
   f. Ninah Pretto, Hearing Panelist
   g. Aaron Gordon, Hearing Panelist
   h. Stephen Klass, Hearing Panelist
   i. Dean Dave Johnson
   j. Dean Rosanna Reyes
   k. Susan Smith, Respondent to John Doe's Complaint at Williams College
   l. Leticia Haynes, VP of Institutional Diversity
   m. Danielle Gonzalez, Human Resources, witness relevant to Affidavit by Brian Marquis
   n. Kris Maloney, Human Resources, witness relevant to Affidavit by Brian Marquis

11. Of the above-listed, Plaintiff has deposed the following six individuals thus far: Allyson Kurker, Adam Falk, Megan Bossong, Ninah Pretto, Danielle Gonzalez, Kris Maloney. Depositions of Toya Camacho, Marlene Sandstrom, and Dave Johnson are scheduled for March 1, 2018.

12. Depositions of Maloney and Gonzalez were necessary to explore apparent false statements made by Bossong in her Affidavit. These two administrators sat next to Brian Marquis at the training he attended. (Doc. 54 and Doc. 58.)

13. By March 1, 2018, nine depositions will have been conducted by Plaintiff.

14. Until the February 15, 2018 deposition of Hearing Panelist Pretto, Plaintiff did not anticipate requiring depositions of both remaining Hearing Panelists, Klass and Gordon, and intended on deposing only one of them. However, based on wildly contradictory information presented in the depositions of Pretto and Bossong compared with the written record, Plaintiff requires the depositions of both remaining hearing panelists.

15. Based on the very limited knowledge President Adam Falk had about this case, and the claimed lack of knowledge by deponents about a number of critical subjects, Plaintiff also requires a Rule 30(b)(6) deposition of the corporate representative.

16. On February 17, 2018, Plaintiff's counsel sent a letter to Defendant's counsel requesting agreement to expand the number of depositions. (See Attachment A.)

17. The letter also made reference to numerous requests for production and interrogatories going to the issue of supervision and maintenance of proper policies and procedures. As Defendant has consistently declined to answer the interrogatories and produce the requested documents, Plaintiff's attorney mentioned the possible need of filing a Motion to Compel.

18. On February 19, 2018, Plaintiff's counsel provided a draft of this Motion to Defendant's counsel informing him that the/this motion would be filed on February 22, 2018.

19. Also on February 19, 2018, Plaintiff's counsel provided a draft Rule 30(b)(6) Notice. (See Attachment B.)

20. On February 20, 2018, Defendant's counsel emailed Plaintiff's counsel information about critically important documents that the College "mistakenly" did not include in its seven previous document productions. In said email, the Defendant's counsel also claimed that the information sought in the draft Rule 30(b)(6) Notice would be "irrelevant to this case."

21. The issue of supervision and maintenance of proper policies and procedures are hardly "irrelevant to this case." Correspondence regarding the relevance of these, and other subjects, were discussed with Defendant's counsel as far back as July 2017. (See Attachment C.)

22. Without repeating all the points made in Plaintiff's July 31, 2017 letter that refute Defendant's assertion, two of the most salient points are:

> Paragraph 53 of Plaintiff's Complaint states, "In fact, the College's 'Student Handbook' consists of the williams.edu website as Williams ceased publishing hard copy handbooks in 2013. The code of conduct, honor hearing procedures, appeal procedures, etc. are ever-changing and continually edited with no notice to the students. The students have no way of knowing what the policies and procedures were at a past time or when they changed unless they had downloaded the information themselves."

> Paragraphs 258 and 259 of the Complaint state, "Defendant owed a duty of care to Plaintiff to ensure that its policies and procedures, without limitation, written and implemented, were fair and reasonable. Defendant breached these duties of care owed to Plaintiff…by (f) failing to maintain proper policies and procedures designed to fairly, reasonably, and adequately adjudicate claims of sexual misconduct without bias or favor.

23. Defendant attempted to rewrite Plaintiff's complaint in its Response to Plaintiff's Second Request for Production by saying "What is relevant to this case is only the version of any policy that ultimately was applied to the plaintiff – not other versions nor how any revisions to these policies were arrived at." (See Attachment D at #3.)

24. As aforementioned, the information has been sought by interrogatory and request for document production. A number of the subjects, particularly the maintenance and revision of proper policies and supervision, are expressly referenced in Plaintiff's complaint. It is impossible to understand how Defendant can claim that these subjects are "irrelevant to this case."

25. The circumstances in this case reflect the wider problem of the College's inadequate maintenance of its policies and poor communication of their revisions over the past four years.

26. Such circumstances include, but are not limited to, what appears to have been a nefarious submission of a fabricated policy to the investigator for the purpose of influencing the outcome as alleged by Plaintiff. (Doc. 76 at ¶ 184.)

27. Plaintiff's counsel has extensively discussed policy-related discovery issues in correspondence with Defendant's counsel who claims attorney-client privilege and/or work product doctrine applies. The correspondence primarily addresses the concerns of Plaintiff regarding the transmission of the policies to Ms. Kurker and Defendant's claim that these communications are protected by attorney-client privilege and work product doctrine. (See Attachment E.)

28. Plaintiff maintains that the issue of which particular policies applied when is a matter of fact. John's *Annotated Investigative Report* attached to his *Response to the Report* explained exactly where administrators could locate the applicable policy. (Doc. 76-13 at 28-29.)

29. Under the report's section that did not include the policy effective at the time of the alleged incident which was the one policy the Panel found him responsible for violating, Plaintiff's Response stated:

   A. **The 2013-2014 Student Code of Conduct**

   The College's 2013-2014 Student Code of Conduct applies to the allegations that precede the College's adoption of its Statement of Sexual Assault and Other Sexual Misconduct, which went into effect in October 2014.

   > *The 9/13/16 Report failed to include the policies applicable to the allegations dating prior to October 2014. The College's 2013-2014 Student Code of Conduct is not available at the College's website archives and is only available in hard copy in the Dean's Office. The 2013-2014 Student Code of Conduct remained unchanged from the previous academic year….* (Id.)

30. The *Annotated Investigative Report* went on to provide all of the relevant applicable policy language. (Id.)

31. Ms. Kurker could not recall any information pertaining to the College's provision of policies to her or why she did not include this particular policy in her report. Also, Ms. Bossong claimed to have no knowledge of who "compiled" the policies and forwarded them to Ms. Kurker. However, Ms. Bossong did voluntarily state, without a precipitating question, that "someone" compiled College policies to be provided to Ms. Kurker.

32. Remaining questions of fact include both these specific questions regarding the maintenance and communication of this particular policy and more broader questions regarding the issue of supervision and maintenance of proper policies and procedures.

33. Plaintiff requires a deposition of a Rule 30(b)(6) organizational representative to fill in the gaps.

34. Plaintiff's counsel exhausted all attempts to obtain relevant written information regarding the subjects listed in the draft Rule 30(b)(6) Notice from the College.

WHEREAS, this Court should enter an order granting Plaintiff leave to take twelve (12), i.e. two additional, depositions. Plaintiff respectfully requests a hearing on this Motion, if the Court requires such hearing, to be held on February 27, 2018.

Respectfully submitted,

Date: February 22, 2018                    **JOHN DOE**
                                           **PLAINTIFF**


By: _____/s/ Stacey Elin Rossi_____
STACEY ELIN ROSSI, BBO# 681084
ROSSI LAW FIRM
berkshirelegal@gmail.com
P.O. Box 442
Hoosick Falls, New York 12090
(413)248-7622

KRISTA A. WROLDSON-MILLER,
BBO# 656381
krista@kristamillerlaw.com
75 North Street, Suite 310
Pittsfield, Massachusetts 01201
(413)499-4166

**CERTIFICATE OF SERVICE**

This document was served electronically upon all counsel of record by filing through the ECF system on February 22, 2018.

  /s/ Stacey Elin Rossi
STACEY ELIN ROSSI, BBO# 681084
ROSSI LAW FIRM
berkshirelegal@gmail.com
P.O. Box 442
Hoosick Falls, New York 12090
(413)248-7622