UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
JOHN DOE,                  )
        Plaintiff          )
                           )
v.                         )      CIVIL ACTION NO.:  3:16cv-30184-MGM
                           )
WILLIAMS COLLEGE,          )
        Defendant.         )
_____  )
```

**AFFIDAVIT OF STACEY ELIN ROSSI IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S
RESPONSES TO THE STATEMENT OF MATERIAL FACTS IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
FURTHER STATEMENT OF MATERIAL FACTS**

I, Stacey Elin Rossi, hereby state as follows:

    1. I have personal knowledge of the facts stated in this affidavit except those matters identified as made "upon information and belief."

    2. I am counsel of record for John Doe[1] in the above-captioned matter.

    3. I make this affidavit in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Dkt. 125) and Plaintiff's Responses to the Statement of Material Facts in Support of Defendant's Motion for Summary Judgment ("DFs") and Further Statement of Material Facts. Dkt. 133. The numbered exhibits below refer to the exhibits filed herewith this document.

    4. On February 22, 2018, at a hearing before Magistrate Judge Robertson of this Court, Defendant's counsel used the term "rape" to describe the allegation against John in the spring of his freshman year, 2012. At said hearing, Defendant's counsel further claimed that John was found guilty again of "rape" in his senior year, 2016. However, upon information and belief, John had never been charged with rape and no reports about John have ever been made to law enforcement.

---

[1] Plaintiff is referred to as "John Doe" throughout the pleadings.

5. The record contains interview notes from May 1, 2012 interviews with John Doe, Francisca Moraga, Dayana De La Torre, Elisa Fernandez-Vasquez, and Hiroyuki Miyatake. Exhibit 1 is a redacted true and correct copy of the interview notes from the interviews of John Doe, Dayana De La Torre, Elisa Fernandez-Vasquez, and Hiroyuki Miyatake. Dkt. 134-1.

6. None of the 11,825 pages of documents produced by Defendant contains documentation of interview notes from any interview with Jane Roe[2].

7. Upon information and belief, at the time of the May 2012 disciplinary case, all non-academic violations of Williams' code of conduct were investigated and adjudicated by the Office of the Dean of the College.

8. Upon information and belief, Williams' disciplinary procedures, published in the 2011-2012 College Student Handbook, stated:

> The Office of the Dean of the College investigates alleged breaches of good conduct and of College laws and regulations. A student charged with such a breach will be informed by a dean of the alleged violation. Any student who is charged with an offense shall have a reasonable opportunity to make his or her defense in a respectful manner to a dean, or to the Faculty-Student discipline committee if the matter comes before that Committee.

9. Exhibit 2 is a redacted true and correct copy of the May 5, 2012 letter from Dean Sarah Bolton to John Doe. (WMS00475-WMS00476.) Dkt. 134-2.

10. At the July 26, 2017 hearing at the First Circuit Court of Appeals in Doe, et al. v. Boston College, et al. (Case No. 16-2290), Defendant's counsel, in response to a justice's question 29 minutes and 44 seconds into the oral argument whether the College's duty to be fair would exclude outside influences on the [panel's] decision, stated, "If there were actual evidence of actual tampering and had an actual impact on the panel that would implicate the fairness analysis."

---

[2] A pseudonym for the student about whom Dean Bolton's May 5, 2012 letter addresses.

11. At the May 20, 2017 interview with John, I asked investigator Allyson Kurker, "Do you mind if I write on this copy? I'm just gonna underline…" in reference to a copy of the policy in front of John that I wanted to underline as he discussed the sections he believed Susan Smith[3] to have violated.

12. Exhibit 3 consists of a pdf saved from https://www.change.org/p/williams-college-administration-assume-a-proactive-stance-and-adopt-the-following-proposals-to-combat-the-prevalence-of-sexual-assault-at-williams-college. Last accessed June 6, 2018.

13. Exhibit 4 consists of a pdf saved from http://www.wbur.org/news/2014/05/12/williams-sexual-assault-case. Last accessed June 6, 2018.

14. Exhibit 5 consists of a pdf saved from http://www.wbur.org/hereandnow/2014/05/13/williams-college-rape. Last accessed June 6, 2018.

15. Exhibit 6 consists of a pdf saved from http://wamc.org/post/anatomy-college-rape-accusation. Last accessed June 6, 2018.

16. Exhibit 7 consists of a pdf saved from https://www.wnyc.org/story/the-anatomy-of-a-college-rape-accusation/. Last accessed June 6, 2018.

17. Exhibit 8 consists of a pdf saved from http://nhpr.org/post/anatomy-college-rape-accusation#stream/0. Last accessed June 6, 2018.

18. Exhibit 9 consists of a pdf saved from dean.williams.edu/policies/sexual-misconduct/response-to-petitition-regarding-sexual-assault-at-williams/. Last accessed January 13, 2017.

19. Exhibit 10 consists of a pdf saved from http://ephblog.com/2016/12/22/record-coverage-on-brackenridge/ . Last accessed October 3, 2018.

---

[3] A pseudonym for the Williams College employee in the 2016 case.

20. Exhibit 11 consists of a pdf saved from http://www.wbur.org/news/2014/05/16/williams-sexual-assault. Last accessed June 6, 2018.

21. Exhibit 12 consists of a pdf saved from https://www.bostonglobe.com/metro/2014/05/23/williams-college-rocked-allegations-that-mishandled-rape-complaint/4EmNmZQfxDDTCDcqNfcX8H/story.html. Last accessed June 6, 2018.

22. Exhibit 13 consists of a pdf saved from https://www.theatlantic.com/politics/archive/2014/05/williams-is-the-latest-college-accused-of-mishandling-rape/371624/. Last accessed June 5, 2018.

23. Exhibit 14 consists of a pdf saved from https://www.youtube.com/watch?v=iS_oBIZIf34. Last accessed June 6, 2018.

24. Exhibit 15 consists of a pdf saved from https://alumni.williams.edu/williams-sapr-alumni-liaison-committee/new-and-expanded-campus-actions/ . Last accessed October 22, 2018.

25. Exhibit 16 consists of a pdf saved from https://events.williams.edu/event/emma_sulkowicz_mattress_performan … . Last accessed July 23, 2017.

26. Exhibit 17 consists of the errata page for Bossong's first deposition received from Defendant's counsel.

27. Exhibit 18 consists of a pdf saved from http://williamsalternative.com/2015/10/breaking-through-a-ring-of-motiv … . Last accessed July 25, 2017.

28. Exhibit 19 is a true and correct copy of WMS08158-WMS08161 with redactions.

29. According to the 11,825 pages of documents produced by Defendant, the first written communication between Meg Bossong and Susan Smith was on December 2, 2015 (Exhibit 20).

30. Exhibit 20 is a true and correct copy of WMS08424-WMS08425 with redactions.

31. According to the documents produced by Defendant, there were no written communications between Bossong and Smith between December 7, 2015 and February 2, 2016.

32. Exhibit 21 is a true and correct copy of WMS08429-WMS08430 with redactions.

33. Exhibit 22 is a true and correct copy of WMS08056-WMS08061 with redactions.

34. None of the documents produced by Defendant provide any statements that indicate Bossong did any "safety planning" with Smith earlier than February 2, 2016.

35. The investigative report in this case does not contain any allegation that John ever pushed on Smith's bruises at any time. Dkt. 124-20.

36. None of the documents produced by Defendant provide any statements that indicate Dean Sandstrom or Toya Camacho identified the correct September 2014 Code of Conduct sexual misconduct policy around the time they received the August 2016 draft from Kurker.

37. Also at the First Circuit hearing cited in ¶ 10, following said exchange, Defendant's counsel stated that, "Yes, if the panel refuses to hear or is denied the hearing of exculpatory evidence that would implicate the fairness analysis," when asked whether it would be unfair to exclude exculpatory evidence.

38. None of the 11,825 pages of documents produced by Defendant contains any evidence that Camacho communicated about this case with Leticia Haynes, her direct supervisor.

39. Exhibit 23 is a true and correct copy of

https://titleix.williams.edu/letters-to-the-community-on-sexual-assault-prevention-and-response/april-10-2017/ . Last accessed October 27, 2018.

40. Exhibit 24 is a redacted true and correct copy of WMS00818.

41. Exhibit 25 is a true and correct copy of the Williams College Annual Security and Fire Safety Report 2017-2018.

42. Exhibit 26 is a true and correct copy of Steven Klass' errata sheet.

Signed under the pains and penalties of perjury this 28th day of October 2018.

Date: October 28, 2018           /s/ Stacey Elin Rossi_____
                                 **STACEY ELIN ROSSI**


## CERTIFICATE OF SERVICE


This document was served electronically upon all counsel of record by filing through the ECF system on October 28, 2018.

                                  /s/ Stacey Elin Rossi_____
                                 STACEY ELIN ROSSI