# Exhibit 167

# Locke Lord

Locke Lord
111 Huntington Avenue
Boston, MA 02199
Telephone: 617-239-0100
Fax: 617-227-4420
www.lockelord.com

Daryl J. Lapp
Partner
Direct Telephone: 617-239-0174
Direct Fax: 866-955-8813
daryl.lapp@lockelord.com

November 7, 2017

**VIA EMAIL**

Stacey Elin Rossi
ROSSI LAW FIRM
P.O. Box 442
Hoosick Falls, NY  12090

      Re:    *John Doe v. Williams College*
            United States District of Mass., Civil Action No. 3:16-cv-30184-MAP

Dear Stacey:

This letter is in response to yours of November 5 and 6, 2017, and your two emails this morning.

Concerning your request for WMS11598 in unredacted form, that document is protected by the work-product doctrine.  The redacted information concerns our office's investigation of your client's legal allegations, which is protected work product.  The only communications with Ms. Kurker that we have withheld are those that involve our investigation of the allegations of your complaint.  These emails all are properly withheld under *Hickman v. Taylor,* 329 U. S. 495 (1947).

Regarding the information that is not in Dean Bolton's personnel file, we will provide an affidavit from the Director of Human Resources confirming what I have told you, if you agree that will satisfy your concern.

Regarding our Answer to Interrogatory Number 4, we now understand your argument to be that the College has withheld data for physical and sexual misconduct complaints that were not investigated or adjudicated. That is not the case.  As noted in the information provided to you, all of the physical assault complaints in the relevant time frame were handled by a "Dean Meeting," rather than a formal investigation/adjudication process, and all resulted in "No Action." As for sexual misconduct complaints in the relevant time frame, the information we provided correctly demonstrates that each complaint was investigated and adjudicated.  Put another way, there were no such complaints that the Dean's office "screened out" (as you put it) or otherwise resolved in any manner other than through the investigation/adjudication process.

Regarding your request for documents pertaining to the "refresher" referenced in Ms. Bossong's October 12, 2016 email (WMS08459), we have produced all such documents.  See WMS11322, WMS08464, and WMS10305.

Regarding your request for communications between Ms. Bossong and Ms. Smith between December 1, 2016 and February 2, 2016, we have produced all such documents.  See WMS08423, WMS08424, WMS08426, WMS08427, WMS08428, WMS08429, and WMS11429.

Stacey Elin Rossi
November 7, 2017
Page 2

Regarding your request for communications between Ms. Bossong and other administrators concerning allegations in the complaint prior to December 1, 2015, we note that your Request for Production No. 9 is limited to the time period December 5, 2015 to June 15, 2017. Notwithstanding that the communications are outside the scope of your request, we produced such documents.  See WMS08046, WMS08158 from February 2015.

Regarding your request for communications between the Panel members, we have produced all such documents.

Regarding your request for additional communications concerning the August 21, 2016 email, we spoke this morning about the fact that you admittedly have been using an email tracking product in an effort to ascertain who at the College may have opened that email and on how many occasions.  We do not believe the email has been read 275 times, but even if that were true it would be irrelevant.  The number of times your entirely inappropriate email was opened and/or read by Williams administrators is irrelevant to your client's claims and the College's defenses in this case.  We have conducted a reasonable search for responsive, non-privileged documents from relevant custodians, during the relevant time period, and have produced all such documents (sans duplicates) to you.

Regarding your request for the "long letter" that Ms. Smith wrote to Professor VaNatta Ford, we will undertake to locate that document.

Regarding your request for communications with the Panel concerning the appeal, we have produced all responsive, non-privileged documents to you.

Regarding Ms. Bossong's text to Ms. Smith about "a small change," we have located and will produce that document.

Finally, we do not agree to any audio or other recording of depositions in this case, by smart phone or otherwise, by anyone other than the stenographer.  It is the stenographer's job to create an accurate transcript.  If there is any error that is material to a witness's testimony, the witness can address it in the transcript review/errata process.  Also, I cannot be confident that you would not make some improper use of such recordings in light of your other inappropriate conduct in this case.

Sincerely,

Daryl J. Lapp

Stacey Elin Rossi
November 7, 2017
Page 3

cc: Elizabeth Kelly (by email)
    Krista A. Wroldson Miller (by email)

AM 67542638.1