# Exhibit 169

| | |
|---|---|
| **From:** | Steve Klass <sklass@williams.edu> |
| **Sent:** | Thursday, November 17, 2016 3:59 PM |
| **To:** | Marlene Sandstrom <msandstr@williams.edu> |
| **Cc:** | Ninah Pretto <ntp1@williams.edu>; Aaron Gordon <agordon@williams.edu> |
| **Subject:** | Re: finding letter |
| **Attach:** | finding letter_DP (sk).docx |

Marlene - thanks a million for all the work you put into this. Not only was this a remarkably complex and frustrating case to adjudicate, but the amount of time that had passed over the course of the relationship paralleled changes in the code of conduct along the way as well.

I appreciate the greater clarity relative to our original finding of her having falsely accused him of the honor code violation. For my part, I agreed with that finding based on his having been found not-liable by the committee. I understand your point and don't personally believe that there's a preponderance of evidence to support that finding beyond that mistaken threshold. But I'm also happy to discuss with Ninah and Aaron if either of you guys thinks it should still stand.

I've attached a version with a couple of suggested micro-edits and questions/comments.

Steve

----------------------------
Stephen Klass
VP for Campus Life
Williams College
pronouns: he/him/his

On Thu, Nov 17, 2016 at 2:45 PM, Marlene Sandstrom <msandstr@williams.edu>

WMS07071

wrote:

Dear Aaron, Nina, and Steve,

I hope you are all doing well. I am attaching a revised version of the finding letter for the JD/SS case. When I read the original draft, I found that I needed more information about the panel's reasoning in order to include more depth in the letter. Both parties would want to understand more about how the decisions were made. I met with Aaron, who summarized the group's thoughts. I tried to incorporate that thinking into this new version of the letter.

In addition, I made a few other changes.

(1) **Overlap between nonconsensual sex and relationship abuse:** If you find John responsible for sexual misconduct, you cannot use that same behavior (without additional elements) to also find him responsible for relationship abuse. In this case, sexual misconduct trumps, so I clarified that. If you had found John responsible for additional acts of relationship abuse *in addition* to nonconsensual sex, we could have added a relationship abuse violation. Since this was not the case, we should stick with nonconsensual sex.

(2) **retaliation:** I looked more closely at the investigative report and allegations, and see that John is claiming that some of Susan's behavior are retaliatory. I try to address that, but feel free to change/edit, etc.

(3) **honor code:** When I met with Aaron, I asked what evidence the group had that Susan had *falsely* accused John of the honor code violation, as you state in your original letter. We would need to explain that more fully, and explain why the preponderance of evidence supported it. As I pointed out, the fact that the honor committee did not find John responsible for the honor code violation on appeal does NOT mean that they felt Susan was lying. It only means that they did not find enough evidence to find him responsible. After discussing this with Aaron, he agreed that we might not want to use the "falsely accused" language in the letter. I have rewritten that section accordingly.

Can you please take a look at this, and edit accordingly. It needs to reflect *your* thinking about the case, so it is important that you let me know if anything I have included does not fit with the group's sentiment. Consider it a working draft. Please edit/change anything that doesn't square with the panel's thinking process.

I'll look forward to hearing from you with feedback. Once we have Susan's letter

WMS07072

squared away, I can easily adapt it for John .

Many thanks,
Marlene


Marlene J. Sandstrom
Dean of the College and Hales Professor of Psychology
Williams College
Phone: (413) 597-4261
Fax: (413) 597-3507

WMS07073