UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN DOE,
      Plaintiff

v.

WILLIAMS COLLEGE,
      Defendant

Civil Action No. 3:16-CV-30184

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE**

**Argument**

**I.    Portions of Ms. Rossi's Affidavit Are Irrelevant and Not Based on Personal Knowledge.**

Federal Rule of Civil Procedure 56(c)(4) provides, that "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." A court must examine each segment of the affidavit for compliance with Rule 56(c)(4). *Perez v. Volvo Car Corp.*, 247 F.3d 303, 315 (1st Cir. 2001). Ms. Rossi's affidavit violates the rule in several respects.

Ms. Rossi's affidavit makes several allegations based "on information and belief." *See* Dkt. 134 at ¶¶ 7, 8. Plaintiff relies on these statements in his response to the College's statement of facts in an effort to establish that the College failed to comply with the policies in effect during his 2012 disciplinary proceeding – not the proceedings at issue in this case. *See* Dkt. No. 133 ¶¶ 14 and 20j.

The statements are irrelevant and should be struck on that basis alone. Moreover, affidavits made "upon information and belief" do not comply with Rule 56(c)(4). *See Sheinkopf*

1

*v. Stone*, 927 F.2d 1259, 1271 (1st Cir. 1991). Ms. Rossi has not established that she has knowledge concerning the facts to which she attests.

Accordingly, the Court should strike paragraphs 7 and 8 of her affidavit and paragraphs 14 and 20j of Doe's response to the College's statement of facts. *See DaCosta v. Town of Plymouth*, No. CIV.A. 11-12133-MBB, 2014 WL 2998986, at *3 (D. Mass. July 1, 2014).

## II. Certain Exhibits to Ms. Rossi's Affidavit Are Irrelevant and Inadmissible Hearsay.

Ms. Rossi attaches to her affidavit a series of articles she found online, which purport to describe a female student's complaints about the College's handling of her sexual assault complaint. *See* Dkt. 134 at Exs. 3-8, 10-13. Ms. Rossi also attaches an unrelated article about reactions to an antifeminist speaker at Williams, with pages of comments by unidentified individuals. *Id*. at Ex. 18. Plaintiff cites these documents in response to the College's statement of fact that Doe previously was suspended for nonconsensual sexual intercourse. *See* Dkt. 133 at ¶ 21.

The documents are irrelevant and should be struck on that basis alone. They also consist entirely of inadmissible hearsay (or multiple-level hearsay) statements, which may not be considered in opposition to a motion for summary judgment. *See Horta v. Sullivan*, 4 F.3d 2, 8-9 (1st Cir. 1993) (newspaper article containing double hearsay); *Amoah v. McKinney*, No. CV 4:14-40181-TSH, 2016 WL 6134119, at *11 (D. Mass. Sept. 2, 2016) (printouts from website containing inadmissible hearsay).

Accordingly, the Court should strike exhibits 3-8 and 10-13 of Ms. Rossi's affidavit and paragraph 21 to plaintiff's response to the College's statement of facts.

## III. Portions of the Marquis and Costa Affidavits are Irrelevant and Inadmissible.

In paragraph 179 of his response to the College's statement of facts, Doe relies on two

affidavits he filed at the outset of this case in connection with his motion for a preliminary injunction. Dkt 133 at ¶ 179 (citing Dkt. 58, 59).[1] The affidavits are from Brian Marquis and Joshua Costa, who formerly worked for Williams.

Doe's attempt to include these documents in the summary judgment record is improper because they are irrelevant. Doe cites to them in response to the College's statement of fact that from 2011 to 2016, about 20% of male students who were accused of sexual assault were found not responsible. Dkt. 133 ¶ 179. Doe does not contest that fact, and neither affidavit speaks to that fact in any way.

In addition, as noted above, affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "[T]he requisite personal knowledge must concern facts as opposed to conclusions, assumptions, or surmise." *Perez*, 247 F.3d at 315. "Statements predicated upon undefined discussions with unnamed persons at unspecified times are simply too amorphous to satisfy the requirements of Rule 56(e), even when proffered in affidavit form by one who claims to have been a participant." *Id.* at 316. Lay opinion is inadmissible unless it is based on personal knowledge, the opinion is rationally connected to the facts on which it is based, and it is helpful in determining a fact in issue. *Swajian v. General Motors Corp.*, 916 F.2d 31, 36 (1st Cir. 1990).

Neither affidavit says that the statements made therein are based on personal knowledge, nor do they otherwise demonstrate that the affiants would be in a position to know or be competent to testify about the matters asserted therein.

---

[1] The College previously moved to strike these affidavits. The Court denied the motion without prejudice, stating that they would be considered only to the extent they contain properly cognizable assertions, and that averments without proper basis will be ignored. Dkt. 63.

The Costa affidavit contains unsupported lay opinion about a supposed lack of uniformity in the College's application of its policies, without any indication as to how Costa, formerly a security officer, possibly could know how the College handles confidential student disciplinary matters. Dkt. 59 ¶ 3. The Costa affidavit similarly draws unsupported conclusions and expresses personal opinions about the results of unrelated cases based upon his perceptions about the importance of a student's family and the supposed workings of an "old boy network," without any showing as to how he would have first-hand knowledge of the handling of these cases or any family's supposed connections. *Id.* ¶¶ 4, 6. He alleges that he was a "first responder" to one incident involving a student, but notably he does not say that he was involved in or otherwise has any firsthand knowledge of any subsequent disciplinary proceedings arising from that incident. *Id.* ¶ 4. His statement that "at least one, if not more, employee [sic] at the Office of Campus Safety and Security is known to date and have sex with female students," *id.* ¶ 6, amounts to nothing more than irrelevant, inadmissible gossip.

The Marquis affidavit, which purports to describe certain training of sexual misconduct hearing panels at the College, is irrelevant because there is no evidence that Doe's panel received the training Mr. Marquis claims to have received. Def. Mem. at 21. The Marquis affidavit also contains improper conclusions, assumptions, and surmise. Marquis states that "[the] reputation of [the] College *seems* foremost in any decision," Dkt. 58 at ¶ 9 (emphasis added), as distinct from stating an actual fact that he would be in a position to know. Similarly, he opines that the College's sexual misconduct hearing panels are taught that the College's reputation should be the "most important factor in making its decision," *id*. at ¶ 8, but he fails to identify any specific statement during the training that reasonably could be interpreted in that way. The Marquis affidavit also makes irrelevant allegations concerning the College's purported response to

misconduct by a student in the 1980s, which is irrelevant and lacks any explanation as to how Mr. Marquis would have personal knowledge of the situation. *Id.* at ¶ 10.

For these reasons the Court should strike from the summary judgment record the Marquis and Costa affidavits and paragraph 179 of Plaintiff's response to the College's statement of facts.

## Conclusion

The College's motion to strike should be allowed.

WILLIAMS COLLEGE,

/s/ Elizabeth H. Kelly
Daryl J. Lapp (BBO No. 554980)
  daryl.lapp@lockelord.com
Elizabeth H. Kelly (BBO No. 672277)
  liz.kelly@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
617.230.0100

November 12, 2018

## Certificate of Service

This document was served electronically upon all counsel of record by filing through the ECF system on November 12, 2018.

*/s/* Elizabeth H. Kelly
Elizabeth H. Kelly

AM 70288429.2