**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                    )
JOHN DOE,                           )
                                    )
         Plaintiff,                 )
                                    )          CIVIL ACTION NO. 3:16-CV-30184-MGM
v.                                  )
                                    )
WILLIAMS COLLEGE,                   )
                                    )
         Defendant.                 )
_____)

**DECLARATION OF STACEY ELIN ROSSI PURSUANT TO RULE 56(d)**

I, Stacey Elin Rossi, hereby declare and state as follows:

1.  I am an attorney admitted to practice in the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts.

2.  I represent the Plaintiff, John Doe, in this case.

3.  On January 5, 2017, I emailed Defendant's counsel to confer about filing a 2nd Amended Complaint after the stay of the proceedings was lifted upon the conclusion of the 2016 case's appeal at the College. Exhibit 1.

4.  Exhibit 1 is a true and correct copy of emails between Defendant's counsel and me on January 5 and 6, 2017.

5.   My purpose at the time of the January 5, 2017 email was to include claims regarding the 2012 disciplinary case (which I mistakenly identified as "2011" in said email as it was unclear to me at the time when in the academic year 2011-2012 the alleged incident occurred). _Id_.

6.  Defendant's counsel responded, "…any claims in relation to the [2012] case would be frivolous and untimely…" _Id_.

7.   Following said correspondence, I researched the statute of limitations relative to this case and found that the determination of whether the contract or tort statute of limitations applies is controlled by the essential nature of the party's claim, i.e. the gravamen or "gist of the action." Exhibit 2 at 5.

8.   I concluded at the time that Plaintiff's claims were equally sounding in tort as they were in contract and that which statute of limitations should apply – three for tort or six for contract - was very debatable.

9.   I did not file the 2nd Amended Complaint that was discussed.

10. In John Doe's September 30, 2018 affidavit, John describes how on April 5, 2016, the College's Records Manager informed him that the Student Handbook for academic year 2011-2012 was missing from the College's Archives. Dkt. 124-3 ¶ 4.

11. Discovery in this case took place between and June 6, 2017 and May 18, 2018.

12. Defendant did not produce the College's 2011-2012 Student Handbook during discovery.

13. Plaintiff did not make a request for production of the 2011-2012 Student Handbook because Defendant had argued that John's freshman year case was "untimely" and there was no precedent allowing a statute of limitations defense to be overcome under the continuing violation doctrine in a Title IX case.

14. Upon information and belief, no precedent had been set that allowed the extension of the statute of limitations under the continuing violation doctrine in a Title IX gender discrimination and hostile education environment case until August 27, 2018.

15. On August 27, 2018, Justice John J. McConnell, Jr. issued a memorandum and order in *John Doe v. Brown University*. Dkt. 132-3.

16. Said memorandum and order held that the continuing violation doctrine as enunciated by the Supreme Court in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) can apply to Title IX claims where there is a continuing violation. Dkt. 132-3 at 11.

17. None of Defendant's pleadings included specific facts related to John's 2012 case until it filed its Motion for Summary Judgment on October 1, 2018. Dkt. 125.

18. In Defendant's Statement of Material Facts, paragraph 19 states, "During Doe's freshman year at Williams, in May 2012, he was found responsible for sexually assaulting a female student by having sexual intercourse with her without effective consent. (Tab 3, Doe Dep I at 17:7-20:12; Tab 22). Dkt. 127.

19. In Defendant's Statement of Material Facts, paragraph 20 states, "The May 2012 findings letter to Doe included relevant language from Williams' [2011-2012] consent policy, reminding Doe that effective consent required words or conduct indicating freely given approval or agreement for the sex…" *Id*.

20. Paragraph 7 of my Affidavit in Support of Plaintiff's Motion for Partial Summary Judgment stated, "**Upon information and belief**, at the time of the May 2012 disciplinary case, all non-academic violations of Williams' code of conduct were investigated and adjudicated by the Office of the Dean of the College" as Plaintiff does not have a copy of the 2011-2012 Student Handbook. Dkt. 124-7 ¶ 7.

21. Paragraph 8 of my Affidavit in Support of Plaintiff's Motion for Partial Summary Judgment stated, "**Upon information and belief**, Williams' disciplinary procedures, published in the 2011-2012 College Student Handbook, stated: The Office of the Dean of the College investigates alleged breaches of good conduct and of College laws and regulations. A student charged with such a breach will be informed by a dean of the alleged violation. Any student who is charged with an offense shall have a reasonable opportunity to make his or her defense in a respectful manner to a dean, or to the Faculty-Student discipline committee if the matter comes before that Committee," again, as Plaintiff does not have a copy of the 2011-2012 Student Handbook. Dkt. 124-7 ¶ 8.

22. Plaintiff's facts described in ¶¶ 20-21 above directly address Defendant's "material facts" described in ¶¶ 18-19 above: the circumstances by which Williams unfairly found John responsible

for what Defendant's counsel calls "rape" in 2012 and by which Plaintiff evidences a continuing violation.

Signed under the pains and penalties of perjury this 19th day of November 2018.

_____/s/ Stacey Elin Rossi_____
STACEY ELIN ROSSI (BBO# 681084)
ROSSI LAW FIRM
P.O. Box 442
Hoosick Falls, New York 12090
(413)248-7622
berkshirelegal@gmail.com