UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 3:16-CV-30184-MGM |
| WILLIAMS COLLEGE, | ) Leave to file granted on |
| Defendant. | ) October 10, 2019 |

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITIES

Plaintiff John Doe[1] ("Plaintiff"), by and through counsel, hereby respectfully files the attached supplemental authorities in support of its Opposition to Defendant's Motion for Summary Judgment (Dkt. 125) and in support of its Motion for Partial Summary Judgment. (Dkt. 122.) Leave to file was granted on October 10, 2019. (Dkt. 181.) Plaintiff states as follows relative to the authorities:

(A) *Haidak v. Univ. of Massachusetts-Amherst*, **933 F.3d 56, 65 (1st Cir. 2019).** On August 6, 2019, the First Circuit Court of Appeals issued a ruling in *Haidak v. Univ. of Massachusetts - Amherst* (copy attached as Exhibit A) that bears on issues currently before this Court. In *Haidak*, the First Circuit stated that it, "agree[s] with a position taken by the Foundation for Individual Rights in Education,…that due process in the university disciplinary setting requires 'some opportunity for real-time cross-examination, even if only through a hearing panel.'"

(B) **The jury verdict in *Doe v. Boston College*, C.A. No. 15-cv-10790.** On September 23, 2019, the jury entered its verdict after a trial. (Exhibit B.) The jury found that Boston College's 1) "'at ease' and/or 'no finding' communications with the Hearing Board occurred and breached its

---

[1] Plaintiff refers to himself as "John Doe" throughout the pleadings.

contract with John Doe to provide basic fairness" and 2) "breach of contract by such interference caused the Hearing Board to find [Doe] responsible."

**(C), (D) The order granting a preliminary injunction in *Doe v. Boston College*, C.A. No. 1:19-cv-11626-DPW, and the PI hearing transcript.** On August 20, 2019, the District Court for the District of Massachusetts issued an order of preliminary injunction in *John Doe v. Boston College.* (Exhibit C.) The court ruled that that there is a substantial likelihood that John Doe will succeed on his claims that he was deprived of fair process in the Defendants' adjudication of sexual misconduct charges against him. Exhibit D is a copy of the transcript from the preliminary injunction hearing held on August 20, 2019. At said hearing, the honorable Judge Douglas P. Woodlock stated, in relevant part,

> 1) When credibility is at issue with respect to the core question of sexual misconduct, that is, what was the encounter, then at least the two participants in that conduct or two participants in the encounter should be -- there should be an opportunity for real-time cross-examination. Exhibit D at 38:8-13.
>
> 2) *Haidak* is an important statement on the part of the First Circuit about what is fundamentally necessary when there is a disputed question that can only be resolved on the basis of credibility. Certainly the two principal parties involved in the encounter, John Doe and Jane Roe, should be subject to some form of real-time examination with questions to come by their adversaries…some mechanism for that real-time evaluation, it seems to me, is necessary; and in its absence, the process is deficient. " *Id.* at 74:24-75:10.
>
> 3) But this much is clear to me, that number one, a private institution like B.C. should follow practices that we'll call fair process that are parallel to due process claims against public institutions and that that fair process directs that when credibility of a central issue in a case such as this is presented, the process has to enable the factfinder to evaluate the credibility of the respective claims by a real-time process at which both of the respective parties are present and have the opportunity to suggest questions. *Id.* at 76:2-11.

**(E) Resolution Agreement between OCR and Williams College.** On September 25, 2019, a Resolution Agreement between the United States Department of Education Office of Civil Rights and Williams College dated January 16, 2018 was published. The Agreement states that the College will develop an equitable procedure for handling No Contact Orders (NCOs) that are issued pursuant to an incident or situation implicating Title IX. (Exhibit E.)

Date: October 10, 2019

**JOHN DOE, PLAINTIFF**

By: _____/s/ Stacey Elin Rossi_____
STACEY ELIN ROSSI (BBO# 681084)
ROSSI LAW FIRM
P.O. Box 442
Hoosick Falls, New York 12090
(413) 248-7622
berkshirelegal@gmail.com

KRISTA WROLDSON-MILLER (BBO# 656381)
 (*pro hac vice*)
75 North Street
Pittsfield, MA 01201
(413) 499-4166
krista@kristamillerlaw.com

**CERTIFICATE OF SERVICE**

This document was served electronically upon all counsel of record by filing through the ECF system on October 10, 2019.

  /s/ Stacey Elin Rossi_____
STACEY ELIN ROSSI